Next case on the call this morning is number 109-413, People v. Phillips. Thank you, Your Honor. Good morning. Esteemed members of the Court of Counsel, my name is Douglas Harbath. I'm an Assistant State's Attorney representing the people of the state of Illinois. By signing and executing a bond slip containing all the admonishments set forth in Section 113.4e of the Code of Criminal Procedure, Ezekiel Phillips was expressly warned that he could be tried and sentenced in his absence if he failed to appear in court. Although the warnings in this case did not come from the trial court itself, the prophylactic function of the statute was achieved because the defendant actually received the warnings themselves. In this case, the bond slip that the defendant signed expressly warned him that his failure to appear would constitute a waiver of his right to confront witnesses against him, and that he could be tried and sentenced in his absence. By signing that document in the presence of a clerk of the circuit court, who also signed and certified it, the defendant attested that he understood that he accepted its terms and conditions, as well as the consequences for his failure to appear at trial. Is there any testimony in the Record Counsel that the clerk made any oral admonishments to the defendant or called his attention to this provision? No, there was never an evidentiary hearing on this issue. The evidence that establishes that is the bond slip itself, which includes the attestation of the clerk herself or himself. And what does the attestation say? It's short of a notarized stamp appearing on the document. And it is the functional equivalent of an affidavit. And it does indicate, quote, that the defendant understood and accepted the terms and conditions and the consequences of his failure to appear at trial, unquote. So the text of the document itself actually indicates that this was, whether it was explained to him, or how it was explained to him is, of course, not set forth in the record. But what's important is that the bond slip itself indicates that that was accomplished, that that was done in this case. Is the defendant's signature on a bond slip adequate in every case to fulfill the statute's requirements? If the bond slip, as it is in this case, includes a level of formality, if it's attested to by a witness, which it was in this case, including that the defendant could be sentenced and tried and sentenced in his absence if he failed to appear, that is sufficient. And in this case that was done. There was a level of formality accompanying this bond slip. This wasn't a situation where the defendant was just told, here, sign this, and you'll get out of jail. This is a formal procedure where the boxes are checked and information is filled out. The defendant signs it. It's clearly explained to him, because it says right there on the bond slip that this was explained to him, and he indicated that he understood its terms and conditions. But then the clerk of the court actually affixes his or her own signature to it. Is this a question of substantial compliance? It essentially is an issue of substantial compliance. And this Court routinely examines statutes for substantial compliance. And in this situation, you clearly have a lack of strict compliance, because the admonishment didn't come from the trial judge himself or herself. But you have the functional equivalent where you have the admonishments given in writing, the exact same warnings that verbatim mirror the statute. In fact, the admonishments given in this particular bond slip are even more comprehensive than what's required by the statute. And I think that's of particular note in this case where the defendant fled during the jury deliberations. He was there for the entire trial. He fled during deliberations, and the only proceeding that he was not present for was sentencing. But in this Court, although it's not even required by the statute, he was specifically admonished that he could be sentenced in this case. Is this case raised for the first time that Section 113.4e is not a mandatory provision and that the requirements of the section were substantially complied with in this case? It's raised for the first time in your briefs here? Yes, it is, Your Honor. And you acknowledge that it has been waived? Well, we do acknowledge our procedural default. We acknowledge that it was not specifically included in our petition for leave to appeal, and we apologize for that, and we're asking this Court to excuse that procedural default for a variety of reasons, and not the least of which is that the issue of whether or not the bond slip in this case can satisfy the purpose and the function of the statute is inextricably intertwined with the issue of whether or not the statute is mandatory or directory. It just seems like a lot of cases recently where the trial judge fails to follow our rules, like here, follow the statute. But as the representative of the people, the State's Attorney's Office has responsibility as well. You're in court. You see what is happening. Do you think it's your responsibility as well to raise these issues and not come to this Court seeking that waiver be overlooked? You're referring to the State's, in a sense, failure to raise this in the trial court? Yes. This is a situation that this bond slip was always in the record. I think it's important to point out that the people were the appellee in the appellate court, and the issue was first raised by the defendant himself, saying that he was not advised, he wasn't admonished. But as it turns out, that actually was not true. And when the record was originally compiled, including the, well, most notably the common law record, it did include this bond slip, and that was not made part of the record. That wasn't a failure on the part of the State as the appellee to compile the record on appeal, and it wasn't only until after this case was pending before this Court for the first time two years ago that the State identified that document that cast serious doubt on the defendant's original claim. So I would say in the sense that it was not brought up before, in the trial court, or before the appellate court the first time around, that shouldn't be, the State shouldn't be penalized for the failure to identify the document earlier on. In fact, it was the State that actually located this document and had it supplemented and made part of the record. And it just seems that we always put it in the position of saying, well, our rules, or in this case the statute, doesn't really mean what the plain language says. And to me it makes it difficult for the Court to be placed in that position. And when I think there's a responsibility on the part of the State, when in the trial court, when you see what is developing, you raise it as well, rather than depend upon a reinterpretation of a rule where the language is plain on its face. Well, I think this, you know, the issue didn't come originally, become apparent until the defendant, the defendant was picked up on the warrant that was issued as soon as he absconded. He was not found, arrested on that warrant until two years later. And as I said, when this first was, case was first before the, initially when it was in the trial court, the defendant never raised the issue. He himself never raised the issue and indicated that I was never admonished. This is a surprise to me. I'm shocked. But why should the defendant, like Justice Freeman said, have to do that? Because the statute is clear. It says Section 113-4E states that the Court must advise the defendant that he may be tried in abstention. So you're asking us to use a bond slip in place of the actual admonishment by the Court to be sufficient. Isn't that right? I think that, at its essence, that is correct. And this Court specifically indicated or intimated that a comprehensive bond slip could be the inadequate substitute for the in-court admonishments. And this Court did that in Peeble v. Garner, where it contemplated a, quote, set of circumstances that could satisfy the statute. And in that case, the deficiency of the bond slip, in that case, was not sufficient. In that case, it did not admonish the defendant that he could be tried in his absence. The deficiency was not that the warnings didn't come from the trial court itself. This Court said that thus, thus, because the bond slip didn't include the inabstential warnings as required by 113-4E, thus we find that the bond slip does not satisfy the requirements of the statute, indicating that a bond slip that does indicate all those warnings and includes everything required by the statute does satisfy the statute. Well, I don't know if you could go that far. It's just because that particular bond slip didn't include it. Because the statute says it's the Court. And that's, I guess, the issue is that there's strict compliance. Clearly, there's a lack of strict compliance. But the issue is whether or not there was substantial compliance. And Garner is very good authority that would indicate that substantial compliance would be had in a situation such as the instant one, where the bond slip includes all the required warnings. So in this case, it really comes down to a question of form over function. In this case, the defendant received the admonishments. He indicated by signing and attesting that he got the admonishments. Whether or not the vehicle for those warnings came from the trial court or some other source or another formal vehicle for that in the form of a bond slip, as I said, is a matter of form over substance. On your question, Justice Burke, this Court didn't simply say that the bond slip isn't sufficient in this case because it doesn't include the in absentia warnings. This Court took it a step further and actually identified a bond form in use in another state, in the state of Arizona, that would satisfy. That included, properly included, all the in absentia warnings, which was what really was fatal in Garner. In place of the court? Or in addition to the court admonishments? This Court didn't articulate. And that's what I'm saying. It's like, it's unknown. I don't think, I mean, the statute doesn't require anything in addition to, so once the, in a situation where the trial court gave the admonishments, whether the defendant executed a bond slip or any other written form that indicated he understood his, that he could be tried in his absence is not required. Certainly defendants frequently don't, especially if they're not on bond, if they're in custody, of course, they are in court, and they never execute a written form saying they understand they could be tried and sentenced in their absence. But this Court didn't draw that distinction. Instead, it just merely pointed to that other statute that actually recognizes that possibility. In fact, that the statute in the state of Arizona actually, in its committee notes, indicates that bond slip is not sufficient. The bond form, it would be helpful if the bond form actually indicated that the defendant could be tried in his absence. And in Illinois, that's exactly what we have. I think it's important to note that this Court, this case when it was first before this Court, remanded this issue, this very narrow issue to the appellate court for reexamination, to reexamine the issue in light of the bond slip. The appellate court did not do that. The appellate court simply identified a lack of strict compliance, found that the trial court had not actually issued the warnings in open court, and reversed on that basis alone. And it's our position that in People v. Garner, this Court had already contemplated that a set of circumstances, and to use the terms of the actual language in Garner, had already been established. So the question when this case was remanded to the appellate court was to go one step further and to see whether or not the bond slip in this case could be the adequate substitute or functional equivalent of the in-court admonishments. And the appellate court in People v. Condon, which is the only appellate court case to come out after Garner, is precisely on this issue, except for the opinion in the appellate court in Phillips 2. The language they use is whether or not there was proof of admonition, quote unquote. And they found that the statute does not require that the admonishments be given orally by the trial judge. And Condon found that under Garner and the plain language of the statute, the admonishments can also be in written form. So as long as there's proof of admonition, that will suffice to legitimize a trial in absentia is the language they use. In this case, what could be more proof of admonition than the defendant's signature on a document indicating all of the warnings set forth in the statute? On that point, it bears noting that this court and appellate courts have long held that a defendant's, that an individual's signature on a document is prima facie evidence that that document was knowingly, understandingly executed with the knowledge and awareness of its terms. So a defendant, a criminal defendant is always charged with knowledge of the conditions of his bond. So why should it be any different in a situation? The appellate courts excuse knowledge of the defendant's, the fact that he can be tried in his absence, when that was explicitly set forth in the bond slip. The appellate court on this issue has found that a bond slip that indicates that a defendant can be tried in his absence is adequate proof of his awareness of the conditions of the bond, and it's also adequate proof of his willful failure to appear. So the bond slip should be no less effectual in establishing the defendant's knowledge that he can be tried in his absence. It can suffice to commence new and separate criminal proceedings under the violation of bail bond statute. The purpose of the statute, it's a prophylactic measure. This court has repeatedly referred to the Section 113.4e as a prophylactic measure. It's to dissuade defendants from absconding before or after trial and to serve as a waiver of their right to appear at trial. This court has also examined the legislative history of the statute and declared that the primary purpose is to prevent bail jumping and to promote the speedy satisfaction of judgment. So in a situation where the defendant executes a form that explains fully in writing that he can be tried and sentenced in his absence, the prophylactic function of the statute has been achieved. So for all those reasons, and for those reasons explained in our briefs, we ask that this court to reverse the appellate court and to affirm the defendant's sentence. Thank you. Good morning. May it please the court. I'm Stephen Gentry. I represent Ezekiel Phillips. This court should decline to create an exception under the guise of waiver to the statutory requirement that the trial court admonish the defendant of the possibility of trial in ex-sensu. I guess that's what I was going to, one of the questions I was going to lead off with. It looks like, given some of the recent rulings on the issue, like the trial court's failure to follow Rule 431 and even Rule 711, and both of those are mandatory rules designed to protect constitutional rights. But why do you believe that a violation of 114.4e will be treated any differently here? And I guess what I'm really asking is, what's your position of why we should strictly adhere to the language of our rules rather than allow these escape valves, if that is in fact true? Well, under the rules of statutory construction, adherence to the statutory requirement that the admonishments come from the defendant of the possibility of trial in ex-sensu. And I think that's a good question. I think that's a good question. It's consistent with the language of the statute, and it's consistent with prior decisions of this Court, thus we find that the bond slip does not satisfy the requirement of Section 113-4e. Isn't the implication of that language, that had the bond slip warned of the possibility of trial in ex-sensu, it would have satisfied the requirements of the statute? It does not imply that, because elsewhere in People v. Garner, this Court specifically held that the appropriate time, as intended by the legislature, and also when it is most effective for this admonishment to be given, is at arraignment. This Court also held that where the defendant is present at arraignment, and the trial court does not admonish the defendant at that time, the defendant will not be found to have forfeited the right to be admonished or to have waived presence at future proceedings. So the language... If we agree with your analysis that it has to be strict compliance, that substantial compliance is not enough, then this Court would be issuing a decision that basically says that a defendant should be permitted to sign a form specifically acknowledging all of the consequences of fleeing his own trial, and then that same defendant should be able to cry foul when those consequences play out upon his fleeing. Isn't that what the decision is going to say? It would not say that. What it would say is that this Court should uphold the intention of the legislature with regard to this issue. The bond slip at issue in this case, if you look at it, it's a document that is primarily concerned with the bond provider. There are a half a dozen places on the front of the bond slip where the bond provider has to initial, the bond provider has to sign on the front of the document. The clerk's signature is underneath the signature of the bond provider, not of the defendant. The language similar to the admonishments here is on the back of the bond slip. There's certainly, contrary to what the State has argued, there's no evidence whatsoever that the defendant ever looked at the back of, at the bond slip. There's no evidence that the defendant was literate, able to read. There's no evidence that anyone explained any of the terms of the slip to the defendant. And there's no evidence that anything happened at all other than the defendant was said, your bond has been paid, sign here and you may go home. There's no evidence that the defendant sat down, looked over it, reviewed it. And so what would happen if this Court finds that a signature on this form is sufficient to satisfy the statute?  Which held that there will not be a waiver of the admonishment. Does anyone want to make consistency in that argument? I mean, you're asking us to strictly comply with the statute that says the trial court will admonish, and not to say that there's substantial compliance in the signing of this bond slip. But then you're asking us to probably overlook legions of law with respect to signatures and what that signature constitutes with an attestation. You're saying you don't know whether he can speak English, you don't know if he understood it, you don't know whether, indeed, he read it. But what about all the law that talks about the fact that that signature says all those things? Well, this is not a contracts case. This is not a situation where we have defendants negotiating the terms of their bail. This is a situation where the legislature has carefully balanced the right to be present, as well as the Court's interests. What about the fact if you said earlier you don't know if the defendant read it or knew what it said, but if the defendant left the State of Illinois without permission of the Court in violation of a bond slip, he'd be prosecuted, wouldn't he? We wouldn't be asking him whether or not he understood when he signed it that he was required to remain within the State of Illinois. Certainly there could be consequences as a result of the defendant not appearing, but one of those consequences cannot be that proceedings continue in the defendant's absence if the defendant has not validly waived his appearance according to the statute. Was the issue raised in the defendant's post-trial motion? I don't know the answer to that. Certainly what I do know is that this Court has held that the knowledge of the defendant, and this is in People v. Garner, will not affect this Court's interpretation of whether the admonishment requirement has been satisfied. In People v. Garner, the State asked very similarly, as they did here, for an exception to be created, therefore experienced criminals who presumably would have had knowledge of the consequences of the failure to appear. This Court rejected that, finding that knowledge of the law does not equate to the waiver of a right. Additionally here, even if one could argue that the defendant's signature somehow does show some proof of his knowledge, the State's argument that the deputy clerk or the deputy sheriff, as the case may be, who can also sign these forms, that this establishes that the defendant in fact understood, is essentially outsourcing the trial court's responsibility to the deputy clerk or sheriff's deputy. And this is with regard to a legal conclusion, the defendant's understanding that these individuals are not qualified to make. The practical result of the rule proposed by the State here would be absurd. It would lead to a situation where escapees are given an elevated level of protection insofar as proceedings would not be able to continue against them if they were not admonished by the trial court, but for people released on bond, proceedings could go forward in their absence. It would thus lead to an increased amount of in absentia proceedings, not only because it would be easier for the court to satisfy the statutory requirements, but also because fewer defendants would be in fact aware that proceedings could continue in their absence. Why would trials not be able to go on with respect to the escapees in absentia? Because having not signed a bond slip or not being admonished by the court. Oh, if they weren't admonished. Correct. Comparing escapees and those released on bond, each of whom were not admonished by the trial court, the court could go forward against escapees, but could not go forward against escapees. The State's reference to the bond slip in Arizona should not be given any weight by this court either, because there was simply no statute in Arizona requiring the trial court to admonish the defendant. Therefore, whether the bond slip in Arizona provides this information to the defendant is not relevant to whether the statute has been complied with here. As far as the question of strict compliance or substantial compliance, here there has been no compliance, because the trial court did not admonish the defendant at all of the possibility of trial in absentia. People v. Conn in which the State references involved a situation where the trial court did admonish the defendant, albeit imperfectly, with regard to the specific language that was given orally, and then there were also written admonishments provided to the defendant. But again, these came directly from the court. In sum, for the reasons that I have stated here this morning, as well as in the briefs, I ask that this court affirm the appellate court and remand this case for a sentencing hearing, at which Mr. Phillips may be present. Thank you. Just briefly in rebuttal, Your Honors, on the issue of substantial compliance, counsel maintains that if this court finds substantial compliance, it would essentially do violence to the candidates of statutory construction. However, finding substantial compliance with the statute has never required this court to depart from the plain language of the statute or to read into it exceptions. On the contrary, what this court would simply be doing by finding substantial compliance would be finding, as it has done on innumerable occasions, that the function of the statute has been achieved. And then to use the language of split versus split, the purposes of the statute were satisfied because the defendant had actual knowledge of the proceedings and we do not construe the performance of an empty formality when the legislative intent has been otherwise achieved. So that's when substantial compliance fits the bill, and I would argue that that fits the bill in this case. Mr. Barnett, are you asking us to excuse strict compliance with the statute in this case under the facts of this case because the deputy clerk actually signed and attested to the bond or, as opposing counsel indicated, the deputy sheriff could do it? Would that make any difference in your request for the relief we fashion? Or is it case by case? Is it close enough to comply with the statute that you're asking for? On the distinction of whether or not it was a clerk of the court versus a deputy sheriff, I would argue that the distinction is of no moment, where the issue really turns on whether the defendant received the admonishments or he didn't. And in this case he clearly did, whether he received them from the judge, from his attorney. And Justice Freeman's reference to the Rule 431B, for example, the Zare questions and doing the voir dire for a jury trial, under Rule 431B the trial court must give all of the four Zare issues. Now in a situation where the defendant's attorney did all of that, there would clearly be substantial compliance under 431B, but there wouldn't be strict compliance because it wasn't the judge. But in that case the potential jurors received all of the Zare principles and indicated that they acknowledged and they accepted them through a different format. I think this is analogous in this case where the defendant received the warnings required by the statute just through a different format. On the counsel's statement that Garner provided that there is no exemption, that's the same language that the appellate court in this case used. But what this court in Garner was referring to when it said there was no exemption was explicitly referring to an entire category of defendants, those veteran offenders whose criminal experience would imply that they knew their rights. Well, this isn't an exception, that isn't remotely similar to what's present in the instant case. And it's interesting to note that if the strict compliance was indisputably mandatory and required, and strict compliance was absolutely required, then why was this case remanded? And specifically not just remanded to the appellate court, but remanded with a directive to reexamine the issue in light of the bond slip, quote, unquote, which is something the appellate court did not do. So with that and with the language in Garner, the people suggest that that case held, that substantial compliance will suffice. In fact, the appellate court has repeatedly held and conned and embroiled and in luster that substantial compliance with this particular statute is sufficient. So this isn't a situation where this court has to, you know, create from a blank slate, is this statute subject to substantial compliance? Well, the appellate court has already repeatedly held that. The defendant exhorts that reversal of Garner would be required if this court were to reverse the appellate court in this case. That is far, far from true. The language in Garner actually said we're not prepared to say that there's no set of circumstances under which a defendant will be deemed to have waived his right to receive the in-court admonishments. And in People v. Condon, the appellate court identified what they described as the open question left after Garner. Garner simply said that this is not that case. Well, this is that case. This is that answer to that open question that the appellate court identified in People v. Condon. The admonishments that are required by the statute were given to this defendant. And with the knowledge that he could be tried and sentenced in his absence, the defendant absconded. He absconded while the jury was impaneled and while the jury was deliberating. He was well aware that the proceeding could go forward and that he could also be tried in his absence. And for all those reasons Mr. Harvath, one other observation in light of Justice Freeman's comments about whether or not the state has a duty to protect the record to help this type of thing. I understand your argument in the case as it was given to you and under the facts and circumstances, but it's pretty clear after listening to the arguments here and in the 431B cases that it's in the interest of the state to make sure that the record is protected and that trial courts admonish the defendants when necessary. And certainly the state could step up to the plate and indicate that this needs to be done. That the in-court admonishments have to have been given. They haven't been given yet. We wouldn't be here. Right. And I guess that in a sense putting the onus on the state to remind the judge to give these warnings. The state is not taking the position nor would we ever take the position that these warnings should not be given. They must be given. It's an obligation on the trial court to give the warnings. Our only position, our only statement is that in a situation where the warnings were actually given and where the defendant actually indicates in writing that he understands and accepts them, there's no prejudice, there's no harm. And those are the facts of this case. So again, while the warnings clearly, they're obligatory, they have to be given, judges must give them, the question presented in this case is what is the remedy? And the remedy is that where the defendant actually got the warnings in question, he's not entitled to reversal because he actually was informed of all that information that's required by law. Mr. Harvath, the bond form that's appended to your brief on page A8,  there's no signature, there's no judge signature, there is the deputy clerk's signature. There's also a stamp, JBF entered, and I'm not personally knowledgeable of Cook County Trial Court proceedings, but JBF stands for what, do you know? That stands for judgment on bond forfeiture. Judge what? A judgment on bond forfeiture. This was made part of the court file, and while your Honor is correct, you've noticed that the judge does not sign this document, obviously, and when this is executed, it's executed at the jail at the time the defendant is released with the deputy clerk present that's processing these pretrial releases. However, I think it's important to note that this document is made part of the court file. In this case, it was file stamped and made part, obviously, it was part of the court file. That's where it was located during the pendency of the appeal. So it is made part of the court file, and it has the imprimatur of a judicial document, so to speak, and it is utilized in the event that a defendant doesn't appear, which is what happened in this case, and that's when the JBF stamp is placed on there. So I would suggest that the signature, the lack of the judge's actual signature is of no moment, excuse me, where, again, the warnings were given. Right. Well, this was filed on May 7th, but it was actually completed on May 3rd. Are there any documentaries on May 3rd by the judge? Not that I'm aware of, Your Honor. That was when the defendant posted bond. It was not a court date. Okay. Thank you. Thank you. Thank you, counsel. Case number 109-413 will be taken under advisement.